UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 19-62662-CV-WILLIAMS
MAGISTRATE JUDGE REID

DAMON NICHOLAS,

    Plaintiff,

v.

JUDGE ELIZABETH SCHERER, *et al.*,

    Defendants.

_____/

## **REPORT OF MAGISTRATE JUDGE**

### **I. Introduction**

Plaintiff, **Damon Nicholas**, while a pre-trial detainee at the Broward County Main Jail, filed a *pro se* civil rights amended complaint pursuant to 42 U.S.C. § 1983, against Judge Elizabeth Scherer ("Judge Scherer") and Assistant Public Defender Rachael Gilbert ("APD Gilbert"). [ECF No. 14].

At the time of filing the Amended Complaint, Plaintiff had multiple pending criminal cases in Broward County Circuit Court, Case Nos. 19-007494CF10A, 19-006333CF10A, 19-003973CF10A, 19-006784CF10A, 19-006785CF10A, 19-006840CF10A, 19-005888CF10A, 19-006150CF10A, and 19-006163CF10A. Judge Elizabeth Scherer ("Judge Scherer") was the presiding judge in these cases. *See State of Fla. v. Damon Nicholas*, No. 19006333CF10A, Notice of Hearing (Fla. 17th Cir. Ct. Dec. 5, 2019); *see also* [ECF Nos. 9-1; 19-1]. APD Gilbert was also

1

Plaintiff's prior attorney of record in these cases. *See* [ECF Nos. 19-1; 19-3; 19-4]. A copy of these records was made part of the Court's record by separate order.[1] [ECF Nos. 5, 5-1].

This cause has been referred to the Undersigned for Report and Recommendation on any dispositive matter pursuant to 28 U.S.C. § 636(b)(1)(B) and S.D. Fla. Admin. Order 2019-2. [ECF No. 2]. Because Plaintiff was a prisoner at the time of filing his Amended Complaint and proceeding *in forma pauperis* [ECF No. 8], his Amended Complaint must be screened pursuant to 28 U.S.C. §§ 1915(e)(2)(b) and 1915A. *See Thompson v. Hicks*, 213 F. App'x 939, 942 (11th Cir. 2007).

Accordingly, for the reasons set forth below, the Undersigned **RECOMMENDS** that to the extent Plaintiff is bringing a federal claim for injunctive relief, Plaintiff's federal claims for injunctive relief be **DISMISSED** without prejudice pursuant to the *Younger*[2] abstention doctrine. Furthermore, because this Court may dismiss Plaintiff's federal claims for monetary damages pursuant to 28 U.S.C. § 1915(e) when appropriate, even when *Younger* is applicable, the Undersigned **RECOMMMENDS** that Plaintiff's federal claims for monetary damages be **DISMISSED** with prejudice against Judge Scherer and APD Gilbert pursuant to 28 U.S.C. § 1915(e).

## II. Factual Allegations

Due to the length of Plaintiff's Amended Complaint, the Undersigned will provide a summary of the most pertinent allegations relevant to this Report.

---

[1] The court takes judicial notice of these dockets. *See* Fed. R. Evid. 201; *see also United States v. Glover*, 179 F.3d 1300, 1302 n.5 (11th Cir. 1999) (finding the district court may take judicial notice of the records of inferior courts).

[2] *Younger v. Harris*, 401 U.S. 37, 38 (1971).

Plaintiff contends that the events discussed below occurred at the Broward County Courthouse on August 22, 2019, August 26, 2019, October 17, 2019, and December 12, 2019, respectively. [ECF No. 14 at 5, 8, 11-13, 16-20, 22, 24].

As to Judge Scherer, Plaintiff asserts that she violated his First Amendment right by not permitting him "to exercise [his] voice" and that she violated his Fourth Amendment right "to secure [his] persons and estate of [his] name . . .with unlawful probable cause affidavits that [are] insufficient on [its] face [sic]." [*Id*. at 6, 17]. He also claims that Judge Scherer violated his Sixth Amendment right "to enjoy a speedy trial with effective assistance of counsel and denied upon demand compulsory process to obtain [his] witnesses for due process [sic]". [*Id*. at 8].

Furthermore, Plaintiff contends that Judge Scherer "acted under color of law by aiding and abetting with [APD Gilbert] . . . by ignoring [his] demands and instructions to the 17th Judicial Circuit for [his] defenses, strategies, and techniques, and disallowe[d] him to filed motions . . . ." [*Id*.].

As to APD Gilbert, Plaintiff asserts that she violated his right to "instruct [his] representatives and redress of grievances [sic]." [*Id*. at 11]. He also contends that she violated his due process rights by "allowing [him] to be twice in jeopardy [sic] for the same offense." [*Id*.] He asserts that she forced him to have a mental health evaluation without his consent and violated his First, Fifth, and Sixth Amendment rights. [*Id*. at 12, 14]. In addition, he claims, "ineffective assistance of counsel" and that she aided and abetted with an assistant state attorney. [*Id*. at 21]. He asserts that APD Gilbert, "is guilty of concealment by not bringing forth all evidence by the state attorney's office by exculpatory evidence [sic]" and that she is "guilty of misrepresentation." [*Id*. at 22]. Plaintiff also lists a number of other allegations against APD Gilbert in her role as counsel to Plaintiff. *See* [*Id*. at 22-25]. As for relief requested, Plaintiff seeks dismissal of all charges and punitive and compensatory damages. [*Id*. at 26-30].

Based on the above facts, after review of the Amended Complaint, because it is evident that Plaintiff is suing Judge Scherer in her judicial capacity and that his allegations against APD Gilbert relate to her performing a lawyer's traditional functions as counsel to Plaintiff in a criminal proceeding, the Undersigned finds it unnecessary to reiterate the forty-pages of allegations that Plaintiff sets forth in his Amended Complaint.

Lastly, in Plaintiff's Amended Complaint he does not reference the state court proceedings which he contests, however, failure to reference his state court proceedings has no effect on the Court's recommendation because (1) all of his state court proceedings were currently pending at the time he filed this Amended Complaint, and thus, barred pursuant to the *Younger* abstention doctrine; and (2) Plaintiff has failed to state any claim upon which relief may be granted.

### III. Standard of Review- 28 U.S.C. §1915(e)

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must show that he was deprived of a federal right by a person acting under color of state law. *See Griffin v. City of Opa Locka*, 261 F.3d 1295, 1303 (11th Cir. 2001) (citation omitted). Under both 28 U.S.C. § 1915(e)(2)(B)(ii) and 28 U.S.C. § 1915A, a complaint must be dismissed if the court determines that the complaint fails to state a claim upon which relief can be granted. *See Wright v. Miranda*, 740 F. App'x 692, 694 (11th Cir. 2018). When reviewing the complaint, the court takes the allegations made as true. *See Hughes v. Lott*, 350 F.3d 1157, 1159-60 (11th Cir. 2003).

The same standard is used for dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6) and § 1915(e)(2)(B)(ii). *See Mitchell v. Farcass*, 112 F.3d 1483, 1490 (11th Cir. 1997). Thus, the court may dismiss a complaint that fails "to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

In order to "avoid dismissal for failure to state a claim, a complaint must contain factual allegations that, when accepted as true, allow the court to draw the reasonable inference that the

4

defendant is liable for the alleged misconduct." *Wright*, 740 F. App'x at 694 (citing *Waldman v. Conway*, 871 F.3d 1283, 1289 (11th Cir. 2017)) (per curiam). Although, as stated before, a *pro se* pleading is liberally construed, it still must "suggest that there is some factual support for a claim." *Id*. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 555).

Additionally, each separate claim should be presented in a separate numbered paragraph, with each paragraph "limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 10(b).

Finally, under section 1915(e)(2)(B)(ii), courts must dismiss as frivolous claims that are "based on an indisputably meritless legal theory . . ." or "whose factual contentions are clearly baseless." *Bilal v. Driver*, 251 F.3d 1346, 1349 (11th Cir. 2001) (quoting *Neitzke v. Williams*, 490 U.S. 319, 327 (1989)).

## IV. Discussion

1) *Younger* Abstention Doctrine

Here, Plaintiff is seeking injunctive relief, in addition to monetary damages, as he requests dismissal of all charges in his state court proceedings. *See* [ECF No. 14 at 26-30].

"In *Younger*, the [United States] Supreme Court held that federal courts should not stay or enjoin pending state court proceedings except under special circumstances." *Turner v. Broward Sheriff's Office*, 542 F. App'x 764, 766 (11th Cir. 2013) (citing *Younger*, 401 U.S. at 41). This abstention doctrine applies when (1) the challenged proceedings are ongoing state judicial proceedings; (2) the proceedings implicate important state interests; and (3) there is an adequate opportunity in the state proceedings to raise those constitutional concerns. *See Adams v. State of*

*Fla.*, 185 F. App'x 816, 816-17 (11th Cir. 2006) (citing *31 Foster Children v. Bush*, 329 F.3d 1255, 1274 (11th Cir. 2003)).

"[U]nless state law clearly bars the interposition of the constitutional claims[,]" federal courts should abstain whenever "vital state interests are involved[.]" *Middlesex Cty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982) (quoting *Moore v. Sims*, 442 U.S. 415, 426 (1979)); *see also Hawaii Hous. Auth. v. Midkiff*, 463 U.S. 1323, 1325 (1983) (stating the same principle and adding that an extraordinary circumstance may also qualify as a basis not to apply the *Younger* abstention doctrine). These rules are consistent with the "recognition that national government functions best if state institutions are unfettered in performing their separate functions in their separate ways." *Hawaii Hous. Auth.*, 463 U.S. at 1325 (citing *Younger*, 401 U.S. at 44).

The Undersigned has examined Plaintiff's criminal docket sheets in Broward County Circuit Court, Case Nos. 19-007170CF10A, 19-007494CF10A, 19-006333CF10A, 19-003973CF10A, 19-006784CF10A, 19-006785CF10A, 19-006840CF10A, 19-005888CF10A, 19-006150CF10A, and 19-006163CF10A. *See* [ECF Nos. 9-1; 19-2]. Review of the dockets reveal that Plaintiff's cases were pending in the state trial court when Plaintiff filed his Amended Complaint. *See* [ECF No. 19-1].

As of the date of this Report, review of Plaintiff's criminal docket sheets in Broward County Circuit Court indicate that Plaintiff's criminal proceedings are no longer pending as Plaintiff entered pleas of nolo contendre on April 23, 2020, in Case Nos. 19-007170CF10A, 19-007494CF10A, 19-006333CF10A, 19-003973CF10A, 19-006784CF10A, 19-006785CF10A, 19-006840CF10A, 19-005888CF10A, 19-006150CF10A, and 19-006163CF10A.

However, "the date of filing of the federal complaint is the relevant date for purposes of determining *Younger*'s applicability" because 'the Supreme Court held that *Younger* applies if state court proceedings were pending at the time of the filing of the federal complaint.'" *Hale v.*

6

*Pate*, 694 F. Appx 682, 683 (11th Cir. 2017) (quoting *The News-Journal Corp. v. Foxman*, 939 F.2d 1499, 1510 (11th Cir. 1991)) (emphasis in original).

Accordingly, here, as in *Turner, supra*, this Court should not enjoin the actions of the state court in accordance with *Younger* because (1) plaintiff's state proceedings were pending at the time he filed this federal action on October 24, 2019, and his Amended Complaint on January 3, 2020; (2) important state interests are implicated with respect to Plaintiff's pending criminal cases in state court; and (3) Plaintiff could have raised his constitutional challenges in his state proceedings or on direct appeal. *See Turner*, 542 F. App'x at 766-67; *see also Hale v. Pate*, 694 F. App'x 682, 684 (11th Cir. 2017). Finally, there is nothing "extraordinary" about the circumstances of this case that would warrant federal action in the pending state court proceeding. *See Hawaii Hous. Auth.*, 463 U.S. at 1325.

Thus, all three factors weigh in favor of *Younger* abstention. Thus, any claim for injunctive or declaratory relief should be dismissed without prejudice. *See Old Republic Union Ins. Co. v. Tillis Trucking Co*., 124 F.3d 1259, 1264 (11th Cir. 1997) (*Younger* dismissals should be without prejudice).

2) Failure to State a Claim Pursuant to § 1915(e)(2)(B)(ii)

Plaintiff also seeks monetary damages against Judge Scherer and APD Gilbert.

A) *Judge Elizabeth Scherer*

"Judges are entitled to absolute judicial immunity from damages for those acts taken while they are acting in their judicial capacity unless they acted in the 'clear absence of all jurisdiction.'" *Sibley v. Lando*, 437 F.3d 1067, 1070 (11th Cir. 2005) (quoting *Bolin v. Story,* 225 F.3d 1234, 1239 (11th Cir. 2000)). "This immunity applies even when the judge's acts are in error, malicious, or were in excess of his or her jurisdiction." *Id.*

7

> Whether a judge's actions were made while acting in his judicial capacity depends on whether: (1) the act complained of constituted a normal judicial function; (2) the events occurred in the judge's chambers or in open court; (3) the controversy involved a case pending before the judge; and (4) the confrontation arose immediately out of a visit to the judge in his judicial capacity.

*Williams v. State of Ala.,* 425 F. App'x 824, 826 (11th Cir. 2011) (quoting *Sibley*, 437 F.3d at 1070).

Here, Plaintiff's claims are solely related to the actions of Judge Scherer acting within her judicial capacity and performing a "normal judicial function." *See Williams,* 425 F. App'x at 826. Therefore, Judge Scherer is entitled to absolute judicial immunity and any claims against Judge Scherer should be dismissed pursuant to 28 U.S.C. § 1915(e).

B) APD Gilbert

"In order to prevail on a civil rights action under § 1983, a plaintiff must show that he or *she was deprived of a federal right by a person acting under color of state law." Griffin,* 261 F.3d at 1303 (citation omitted) (emphasis added). "Public defenders, although employed by the government, are not typically viewed as acting under color of state law." *Hall v. Tallie*, 597 F. App'x 1042, 1044 (11th Cir. 2015) (citing *Tower v. Glover*, 467 U.S. 914, 920 (1984)). Moreover, "[a] public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding." *Polk County v. Dodson*, 454 U.S. 312, 325 (1981).

However, a public defender may be subject to liability under § 1983 where they engage in intentional misconduct through "[a]lleged conspiratorial actions with state officials that deprives their clients of federal rights." *Tower,* 467 U.S. at 923.

Here, Plaintiff's only claim of conspiratorial action against APD Gilbert is that she aided and abetted with an assistant state attorney. [ECF No. 14 at 21]. Plaintiff's allegations as to any conspiratorial actions are vague and conclusory, and thus, Plaintiff has failed to show that APD

8

Gilbert has engaged in intentional misconduct through conspiratorial actions with state officials. *See Hall*, 597 F. App'x at 1044 (affirming dismissal of complaint for failure to state a claim against public defender); *see also Grider v. Cook*, 590 F. App'x 876, 877-88 (11th Cir. 2014). Furthermore, Plaintiff fails to state a claim against APD Gilbert because there are no allegations to support that APD Gilbert acted under color of state law for purposes of § 1983. *See Rolle v. Glenn*, 712 F. App'x 897, 899 (11th Cir. 2017).

In summary, to the extent Plaintiff seeks monetary damages against Judge Scherer and APD Gilbert, Plaintiff's claims should be dismissed pursuant to 28 U.S.C. § 1915(e). Accordingly, although Plaintiff had pending state court proceedings when he initiated this suit, the Court still retains discretion to dismiss his claims pursuant to §§ 1915(e) and 1915A.

The United States Supreme Court has "held that federal courts may stay actions for damages based on abstention principles, [however, the Supreme Court has] "not held that those principles support the outright dismissal or remand of damages actions." *Quackenbush v. Allstate Ins. Co.,* 517 U.S. 706, 721 (1996). Accordingly, while *Quackenbush* does dictate that abstention principles cannot support the outright dismissal or remand of damages, *Quackenbush* does not dictate that a complaint cannot be dismissed pursuant to 28 U.S.C. § 1915(e) and/or 28 U.S.C. § 1915A, even where *Younger* is applicable. 517 U.S. at 721.

Moreover, Eleventh Circuit precedent dictates that "[w]hen a plaintiff seeks monetary damages and *Younger* abstention applies, a district court **may** stay the action, instead of dismissing plaintiff's complaint, until the state proceedings have run their course[,]" after screening a plaintiff's complaint to determine whether it is frivolous, malicious, or fails to state a claim upon which relief may be granted. *Parris v. Taft*, 630 F. App'x 895, 899 (11th Cir. 2015) (citing *Doby v. Strength*, 758 F.2d 1405, 1406 (11th Cir. 1985)) (emphasis in original and added); *see also Doll*

9

*v. Sec'y Dep't of Corr.,* 715 F. App'x 887, 892 (11th Cir. 2017) ("Even where *Younger* applies . . . outright dismissal of the action is not always appropriate.").

Indeed, the Eleventh Circuit has confirmed that courts have discretion to dismiss claims for monetary damages pursuant to 28 U.S.C. § 1915A and/or 28 U.S.C. § 1915(e), even when *Younger* is applicable. In *Parris,* plaintiff sought monetary damages in addition to injunctive relief while his state court proceedings were pending. 630 F. App'x at 896. The Eleventh Circuit affirmed the district court's dismissal of plaintiff's claim alleging that officers violated his *Miranda* rights because plaintiff's "allegation that the officers failed to follow Miranda procedures was insufficient to assert that the officers violated his substantive constitutional rights." *Parris,* 630 F. App'x at 901 (emphasis in original).

Furthermore, in *Prescott v. Jefferson*, No. 17-13584-A, 2018 WL 3937045, at *1 (11th Cir. May 31, 2018), the Eleventh Circuit affirmed dismissal of a plaintiff's complaint where plaintiff filed suit pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1985, seeking declaratory relief and monetary damages against his appointed assistant public defender while his state criminal appeal was pending. The Eleventh Circuit noted that because plaintiff sought "leave to proceed IFP, [his] appeal is subject to a frivolity determination." *Jefferson*, 2018 WL 3937045, at *1 (citing 28 U.S.C. § 1915(e)(2)(B)).

Also, the Eleventh Circuit found that "the district court did not err when it dismissed [plaintiff's] complaint for failure to state a claim on which relief may be granted[]" because plaintiff "failed to state a viable § 1983 claim against [his public defender as] the "complained-of conduct was within her traditional role as a counsel in a criminal proceeding . . ." and thus[, she] was not acting as a state actor."

In accordance with the Court's contention, "[a] district court may dismiss a complaint for failure to state a claim based upon the affirmative defense of judicial immunity 'when the defense

10

is an obvious bar given the allegations,' even if the defendant has not asserted the defense." *Macleod v. Bexley*, 730 F. App'x 845, 848 (11th Cir. Apr. 17, 2018) (quoting *Sibley v. Lando*, 437 F.3d 1067, 1070 n.2 (11th Cir. 2005)).

In *Macleod*, the Eleventh Circuit noted that (1) [plaintiff's] "claims involve[d] an order 'uniquely in furtherance of the state court's ability to perform their judicial functions,' and thus [plaintiff's] claims [are] barred by the *Younger* abstention doctrine[]"; (2) "insofar as [plaintiff] claim[ed] monetary damages, the clerk is entitled to absolute immunity because he declined to file [plaintiff's] pleadings pursuant to a court order"; and (3) "although the district court did not give [plaintiff] an opportunity to amend his pleadings, reversal is not mandated because amendment would be futile, as [plaintiff's] complaint is patently and irremediably insufficient." 730 F. App'x at 848.

Accordingly, precedent dictates that a plaintiff's claims for monetary damages may be dismissed, instead of stayed, on a case by case basis after screening pursuant to 28 U.S.C. § 1915(e) and/or 28 U.S.C. § 1915A. As such, although Plaintiff had pending state court proceedings when he initiated this suit, to the extent he is seeking monetary damages against Judge Scherer and APD Gilbert, the Court recommends that Plaintiff's Amended Complaint be dismissed with prejudice pursuant to 28 U.S.C. § 1915(e).

## V. Recommendations

Accordingly, based on the foregoing, it is **RECOMMENDED** that to the extent Plaintiff is bringing a federal claim for injunctive relief, that Plaintiff's federal claims for injunctive relief be **DISMISSED** without prejudice pursuant to the *Younger* abstention doctrine. *See Smith v. Mercer*, 266 F. App'x 906, 908 (11th Cir. 2008) (concluding that *Younger*-abstention requires dismissal without prejudice).

Furthermore, because this Court may dismiss Plaintiff's federal claims for monetary damages pursuant to 28 U.S.C. § 1915(e) when appropriate, even when *Younger* is applicable, it is **RECOMMMENDED** that Plaintiff's federal claims for monetary damages be **DISMISSED** with prejudice against Judge Scherer and APD Gilbert pursuant 28 U.S.C. § 1915(e). *See Tie Qian v. Sec'y Dep't of Veterans Affairs*, 432 F. App'x 808, 810 (11th Cir. 2011) (quoting *Cockrell v. Sparks*, 510 F.3d 1307, 1310 (11th Cir. 2007)) ("Leave to amend a complaint is futile when the complaint as amended would still be properly dismissed . . . .").

Objections to this Report and Recommendation may be filed with the District Judge within fourteen days of receipt of a copy of such. Failure to do so will bar a *de novo* determination by the District Judge of anything in the Report and Recommendation and will bar an attack, on appeal, of the factual findings of the Magistrate Judge. *See* 28 U.S.C. § 636(b)(1)(C); *see also Thomas v. Arn,* 474 U.S. 140, 149 (1985).

DONE AND ORDERED at Miami, Florida, this 17th day of September, 2020.

_____
UNITED STATES MAGISTRATE JUDGE

cc:
**Damon Nicholas**
181900176
Broward County Main Jail
Inmate Mail/Parcels
Post Office Box 9356
Fort Lauderdale, FL 33310
PRO SE